IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02472–REB–KMT

DEUTSCHE BANK TRUST COMPANY AMERICAS, in its capacity as successor indenture trustee for a certain series of Senior Notes,
LAW DEBENTURE TRUST COMPANY OF NEW YORK, in its capacity as successor indenture trustee for a certain series of Senior Notes, and
WILMINGTON TRUST COMPANY, in its capacity as successor indenture trustee for the PHONES Notes,

       Plaintiffs,

v.

BOB FUSHIMI,
CLOVIA L. FUSHIMI,
JANNA L. GADDEN,
DONNA C. LIES,
MARK S. LIES,
BARBARA MARTELL,
GREAT-WEST LIFE ASSURANCE CO.,
MAXIM FOREIGN EQUITY PORTFOLIO,
NORA E. MORGENSTERN,
QUIXOTE CAPITAL MANAGEMENT,
DEANN K. RILEY,
DAVID L. RILEY,
SARA ROONEY,
KIMBERLY SCHATZ,
THE EDWARD J. SIDNEY TRUST U/A 07/22/76,
RUTH WOTTGE,
EIGHTH DISTRICT ELECTRICAL PENSION FUND,
QCM ABSOLUTE RETURN FUND,
QUIXOTE PARTNERS LLC,
A. HOYER,
SCOTTRADE, INC.,
E. GALLAGHER,
F. TONG,
HOYER/LEMTS,
MAK/TU,

DENNIS J. BRITT,
DENNIS J. BRITT ROLLOVER IRA,
SIMON WOTTGE,
MAXIM T. ROWE PRICE EQUITY/INCOME PORTFOLIO,
T. ROWE PRICE GROUP INC.,
JOHN DOE DEFENDANTS 1-5000, and
MAXIM SERIES FUND, INC.,
EDWARD J. SIDNEY, as trustee of the Edward J. Sidney Trust U/A/ 07/22/76,
FRED MARTELL,
DONALD ROONEY,
JEFFREY SCHATZ, on behalf of themselves and a class of similarly situated persons and entities,

      Defendants.

**ORDER**

      This matter is before the court on "Plaintiffs' Motion to Stay Defendants' Time to Respond to the Complaint in this Action or Commence Motions Practice." (Doc. No. 14, filed Oct. 6, 2011 [Mot.].) Defendants Mark Lies and Donna Lies (hereinafter the "Lies Defendants") filed a response in opposition to Plaintiffs' Motion on October 24, 2011 (Doc. No. 24 [Resp.]) and Plaintiffs' filed their reply on November 11, 2011 (Doc. No. 26 [Reply].) The court also considers Plaintiffs' "Corrected Unopposed Motion to Vacate Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting [Docket No. 13]." (Doc. No. 42, filed Nov. 16, 2011.) For the following reasons, Plaintiffs' Motions are granted.

## FACTUAL BACKGROUND

This case arises from a failed leveraged buyout of Tribune Company (hereinafter "Tribune") to take Tribune private. Pursuant to the leveraged buyout, the Lies Defendants and other former Tribune shareholders sold their stock back to Tribune for $8.3 billion. Shortly thereafter, Tribune and many of its operating subsidiaries (hereinafter the "Tribune Debtors") filed for bankruptcy.

Plaintiffs are successor indenture trustees to certain debt securities issued by the Tribune Debtors. In this action, Plaintiffs assert claims alleging that the conveyances underlying the leveraged buyout amounted to constructive fraudulent conveyances under New York, Illinois, and Massachusetts state law (hereinafter "SLCFC claims"). Consequently, Plaintiffs seek to avoid and recover all transfers of proceeds received by the defendants in this action in connection with the leveraged buyout.

The Tribune Debtors filed for bankruptcy on December 8, 2008 in the United States Bankruptcy Court for the District of Delaware (hereinafter the "Bankruptcy Court"). Pursuant to Bankruptcy Code section 546(a), the filing of the Tribune Debtors' December 8, 2008 petition commenced a two-year period during which the Tribune Debtors' estates could pursue SLCFC claims. That statutory period expired on December 8, 2010.

In February 2011, two competing plans for the reorganization of the Tribune Debtors were filed. Each plan included a mechanism whereby SLCFC claims could be transferred to and litigated by a Creditors' Trust, with the proceeds from those suits flowing to beneficiaries according to the terms of the competing plans. Certain parties objected to both of the competing

plans because, among other things, they contend that Bankruptcy Code section 546(e) bars state law causes of action to recover payments to stockholders in exchange for the transfer of securities.

The Bankruptcy Court held a two-plus week evidentiary trial on the competing plans, and closing arguments occurred on June 27, 2011. The Bankruptcy Court has reserved its decision.

In late-February 2011, Plaintiffs recognized that their potential SLCFC claims may become time-barred under the applicable statute of limitations. In order to avoid this result, on March 1, 2011, Plaintiffs, along with other Tribune creditors, moved the Bankruptcy Court for an order (1) determining that eligible creditors had regained the right to prosecute SLCFC claims, and (2) determining that the automatic bankruptcy stay did not prevent creditors from pursuing SLCFC claims.

The Bankruptcy Court issued that order on April 25, 2011. (Doc. No. 15, filed Oct. 6, 2011, Declaration of David M. Zensky ["Zensky Decl."], Ex. C [hereinafter "SLCFC Order"].) First, the Bankruptcy Court concluded that, pursuant to 11 U.S.C. § 546(a), Tribune creditors had regained their right, if any, to pursue their respective SLCFC claims. (*Id.* ¶ 2.) Second, to the extent that the automatic stay provided for by 11 U.S.C. § 362(a) might prevent the commencement of SLCFC claims, the Bankruptcy Court lifted that stay in order to permit Plaintiffs, and other Tribune creditors, to file SLCFC claims.[1] (*Id.* ¶ 3.) Finally, the Bankruptcy Court provided that any action filed in order to initiate SLCFC claims should either be

---

[1] The Bankruptcy Court also granted leave from a Mediation Order to file SLCFC claims. (*Id.* ¶ 4.)

automatically stayed or, in the event that it could not compel such a stay, then a stay consistent with the SLCFC Order should be sought. (*Id.* ¶ 6.) According to the Bankruptcy Court however, a proviso of any such stay should be that the party filing such a complaint be able to

> (a) consistent with governing rules, amend such complaint; (b) complete service of such complaint; and (c) take such steps, including immediately pursuing discovery, as are necessary solely for the purpose of preventing applicable statutes of limitations or other time-related defenses from barring any Creditor SLCFC Claims.

(*Id.*)

On August 16, 2011, just over a month before filing this action, Plaintiffs filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML"), pursuant to 28 U.S.C. § 1407, to consolidate the state-law constructive fraudulent conveyance cases pending in 21 states throughout the country at that time (collectively the "SLCFC Actions"), and transfer them to the Southern District of New York. The motion to transfer is scheduled for hearing before the JPML on December 1, 2011. If the motion is granted, Plaintiffs plan to file a Notice of Potential Tag-Along action in this case, which they maintain will qualify this action for tag-along treatment and potential transfer to the court where the SLCFC actions have been transferred.

On September 20, 2011, Plaintiffs brought the present action in order to pursue their SLCFC claims against Defendants.[2] (*See* Doc. No. 1 [Compl.].) On October 6, 2011, in order to

---

[2] Plaintiffs originally filed their complaint on June 2, 2011 in another case in this district. (*See* Doc. No. 1, *Deutsche Bank Trust Company Americas et al. v. Gadden et al.,* No. 11-cv-1439-MSK.) However, on June 23, 2011 that case was dismissed *sua sponte* by Judge Marcia S. Krieger for failure to plead facts necessary to establish complete diversity under 28 U.S.C. § 1332. (Doc. No. 11, *Deutsche Bank Trust Company Americas et al. v. Gadden et al.,* No. 11-cv-1439-MSK.)

comply with the SLCFC Order, Plaintiffs filed the present motion seeking a stay of these proceedings. Plaintiffs argue that a stay will allow sufficient time for the Bankruptcy Court confirm a plan of reorganization and for a ruling by the JPML on Plaintiffs' motion to transfer and consolidate the SLCFC Actions.

Plaintiffs also seek several carve-outs from the proposed stay. First, Plaintiffs request that any stay entered by this court permit Plaintiffs to seek leave to take limited discovery for the purpose of preventing the applicable statutes of limitations or other time-related defenses from barring any SLCFC claims, as specifically contemplated by the SLCFC Order. Second Plaintiffs request that the order implementing a stay of this case require Defendants or their counsel to enter an appearance in this action, so that they can be served with any additional notices, orders, or pleadings in this case. Finally, Plaintiffs request that the stay permit them to (1) amend their complaint or file a motion for leave to amend their complaint; (2) voluntarily dismiss this action or one or more Defendants pursuant to Federal Rule of Civil Procedure 41; (3) move to add or drop a party or to sever any claim against a party pursuant to Federal Rule of Civil Procedure 21; (4) properly notice this action as a potential tag-along action pursuant to the MDL Rules, 28 U.S.C. § 1407, or other applicable statute or rule; and (5), if necessary, move to extend Plaintiffs' time to serve Defendants pursuant to Federal Rule of Civil Procedure 4(m).

The Lies Defendants oppose a stay, arguing that Plaintiffs have not sufficiently demonstrated a need for a stay, and that a stay would prevent them from challenging Plaintiffs' standing to bring the SLCFC claims. The Lies Defendants also object to Plaintiffs' proposed

carve-outs to a stay by maintaining that permitting those proposed provisos to the stay would amount to a "one-sided stay."

## ANALYSIS

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02–CV–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished).  Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . .  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed.R.Civ.P. 26(c).

As such, an order staying court proceeding is an appropriate exercise of this court's discretion.  *Landis v. N. Am. Co.,* 299 U.S. 248, 254-255 (1936).  The power to stay proceedings is incidental to the court's inherent power to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Id.* (citing *Kansas City S. Ry. Co. v. United States,* 282 U.S. 760, 763 (1931)).

In the exercise of this discretion, a district court may hold one lawsuit in abeyance to abide by the outcome of another especially where the parties are the same."  *Am. Life. Ins. Co. v. Stewart,* 300 U.S. 203, 215 (1937); *see also Larsen v. Powell,* 16 F.R.D. 322, 327 (D. Colo. 1954).  Here, the court finds it wise to hold this case in abeyance in order to abide by the

outcome of the proceedings before the Bankruptcy Court. Indeed, although it explicitly permitted the filing of this and other SLCFC Actions by issuing the SLCFC Order, the Bankruptcy Court also acknowledged that allowing SLCFC Actions to proceed might compromise its ability to confirm a reorganization plan for the Tribune Debtors. In light of this potential prejudice to the Bankruptcy Court's proceedings, the court elects to defer to the Bankruptcy Court and stay these proceedings.

The court also finds that a stay is warranted in light of the JPML's impending decision as to whether to transfer and consolidate all of the SLCFC actions. "As a general rule, 'courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case.'" *See Lundy v. C.B. Fleet Co. Inc.*, No. 09–cv–00802–WYD–KLM, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009) (quoting *Good v. Prudential Ins. Co. of Am.*, 5 F.Supp.2d 804, 809 (C.D. Cal. 1998)). Indeed, avoiding the risk of inconsistent judgments and the interests of judicial economy will ordinarily outweigh any slight delay caused by a stay pending an MDL panel's ruling. *Id.* (citing *Lilak v. Pfizer Corp.,* No. 08–cv–02439–CMA–KLM, 2008 WL 4924632, at *3 (D. Colo. Nov. 13, 2008).

Finally, the court finds that the factors ordinarily considered in this district also favor a stay of these proceedings. When considering a stay of discovery, this court has considered: (1) the non-moving party's interest in proceeding expeditiously with this civil action and the potential prejudice to the non-moving party of a delay; (2) the burden on the moving party if a stay were not granted; (3) the convenience to the court; (4) the interests of persons not parties to

the civil litigation; and (5) the public interest.  *See String Cheese Incident,* 2006 WL 894955, at *2.

The Lies Defendants argue that the proposed stay "would prohibit Defendants from challenging the Plaintiffs' standing to bring the [SLCFC] claims at the outset of this case." (Resp. at 5.)  While the court appreciates the Lies Defendants' interest in resolving jurisdictional issues at the outset of this case, the court finds that this interest is outweighed by countervailing considerations.  Namely, if a stay were not granted, Plaintiffs may well be burdened by inconsistent outcomes between this case and the other SLCFC.  Indeed, this concern may be particularly acute here because it appears that the Lies Defendants' arguments for dismissal are common to all other former Tribune shareholders. As noted above, this concern may be minimized if the JPML decides to transfer and consolidate the SLCFC Actions.   Relatedly, as to the third *String Cheese Incident* factor, judicial resources may be conserved if the SLCFC Actions are resolved via MDL litigation, rather than in the piecemeal fashion that would result if stays were not granted in this and other SLCFC Actions.

Additionally, as a "person not party to [this] civil litigation," *String Cheese Incident,* 2006 WL 894955, at *2, the Bankruptcy Court has a significant interest in a stay, as proceeding with this case may significantly prejudice the Bankruptcy Court's ability to enter a reorganization plan for the Tribune Debtors.  Indeed, this last comity-based consideration may alone be sufficient to rebut the Lies Defendants interest in proceeding expeditiously with this case.  Finally, the court does not find that any public interest beyond those already discussed compels a different result in this case.

Having concluded that a stay is warranted in this case, the court turns to Plaintiffs' proposed carve-outs to the stay. First, two of Plaintiffs' proposed carve-outs—specifically, the carve-out requiring that each Defendant or their counsel enter an appearance, and the carve-out permitting Plaintiffs to properly notice this action as a potential tag-along action pursuant to MDL Rules—are innocuous and only intended to serve the interests of all parties. Thus, the court finds that they are appropriate caveats to the stay.

Otherwise, it appears that Plaintiffs' intent behind the remaining proposed carve-outs is simply to mitigate the potential that their SLCFC claims become time-barred. Nevertheless, rather than carving out additional provisos to the stay at this preliminary juncture, the court finds it more appropriate to require Plaintiffs to pursue the relief anticipated by the remaining carve-outs by an appropriate motion, if and when Plaintiffs' concerns arise. Thus, for example, if during the pendency of the stay circumstances arise that require Plaintiffs to amend their Complaint, to conduct discovery for the limited purpose of preventing the statute of limitations from expiring, or to extend the time to serve Defendants under Fed. R. Civ. P. 4(m), Plaintiffs may file an appropriate motion seeking such relief at that time.

Therefore, it is ORDERED that

"Plaintiffs' Motion to Stay Defendants' Time to Respond to this Complaint in this Action or Commence Motions Practice" (Doc. No. 14) is GRANTED. This case is STAYED pending resolution of the related bankruptcy proceedings before the United States Bankruptcy Court for the District of Delaware, or until such time as the JPML rules on Plaintiffs' Motion to consolidate and transfer the SLCFC actions. The parties shall file a status report within seven

(7) days of a pertinent ruling by either the MDL Panel or the Bankruptcy Court advising the court as to whether the stay should be lifted in light of that rulings, or should remain in effect.

It is further

ORDERED that, notwithstanding the stay of this action, Defendants or their counsel shall enter an appearance in this case within twenty-one (21) days after having been served with Plaintiffs' Complaint. Plaintiffs are also permitted to properly notice this action as a potential tag-along action pursuant to the MDL Rules, 28 U.S.C. § 1407, or other applicable statute or rule.

Finally, it is

ORDERED that Plaintiffs' "Corrected Unopposed Motion to Vacate Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting [Docket No. 13]" (Doc. No. 42) is GRANTED. In light of the stay of this case, the Scheduling Conference set for December 15, 2011 at 10:45 a.m. is VACATED. In their status report advising the court of any pertinent ruling by the Bankruptcy Court or the JPML, the parties shall inform the court as to whether the Scheduling Conference should be reset.

Dated this 22nd day of November, 2011.

BY THE COURT:

_Kathleen M Tafoya_
Kathleen M Tafoya
United States Magistrate Judge